George T. ARATANI et al., Appellants,

v.

Robert F. KENNEDY, Attorney General of the United States, Appellee.

No. 16808.

United States Court of Appeals District of Columbia Circuit.

July 18, 1963.

Certiorari granted 84 S.Ct. 147.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges, in Chambers.

PER CURIAM.

ORDER

On consideration of appellants' motion for leave to file a petition for amendment

and modification of the March 28, 1963, opinion and judgment of this court, it is

Ordered by the court that the aforesaid motion be denied.

## OPINION

These appellants have heretofore argued that they were "depositors" of the Sumitomo group. They claimed that they had placed "dollars on savings with American branches of a Japanese bank [Sumitomo Bank, Ltd., of Japan]."[1] We did not and do not agree. Sumitomo Bank, Ltd., of Japan, entirely enemy owned, through its American branches and affiliates, had, prewar, accepted dollars for conversion into yen deposits in Japan, at a bank in Japan specified by each claimant. In return the Sumitomo branch or affiliate issued its receipt reflecting as converted into yen, the dollar amount received from each claimant at the time of the transaction.

In addition to the direct obligation which could be performed in Japan, we found on the record before us that as a matter of business practice and custom, each purchase of yen included a promise by Sumitomo Bank, Ltd., upon demand, to redeem in dollars each outstanding receipt when presented to the Sumitomo branch or affiliate which had issued the receipt. There was no breach of that agreement by Sumitomo Bank, Ltd., of Japan. The outbreak of war made it impossible for Sumitomo Bank, Ltd., to discharge its obligation. None of the branches or affiliates opened for business on or after December 8, 1941.

Attached to the pending motion is a proposed petition in which the appellants assert that the California Superintendent of Banks was licensed by the Secretary of the Treasury to pay them in the course of liquidation. We are not confronted, however, with the question of what might have been the outcome if we were reviewing his rejection[2] of yen receipt claims presented in reliance upon the terms of the licenses[3] now exhibited here. The fact remains that the appellants' claims here are against the vested assets of Sumitomo Bank, Ltd., and must be predicated upon a breach by Sumitomo of its obligation. 50 U.S.C.Appendix § 34(a) (1958). The refusal of the California Superintendent of Banks to pay the appellants could not be considered a breach by Sumitomo which had no control over the liquidation proceedings.

Appellants would have us amend and modify our opinion and judgment of March 28, 1963, vacate the District Court's judgment and direct a "full hearing." Their earlier petition for rehearing en banc was denied. There is now presented no aspect which we had not fully considered[4] as we "sympathetically and painstakingly" explored the record then before us. If the appellants thought we had erred in our interpretation of pertinent Supreme Court rulings, they need only have sought certiorari. If the Court agreed, it in turn need only have reversed on the postwar rate of exchange point, and our opinion was so written. The motion for leave to file the petition to modify and vacate is denied.

1. Aratani v. Kennedy, 115 U.S.App.D.C. 97, 103, n. 18, 317 F.2d 161, 167, n. 18 (1963).

2. The examiner found that the state banking authorities had rejected a few such claims and that intervention was refused by the state court. The state liquidator was permitted to pay all local depositors and creditors, undoubtedly pursuant to government license.

3. Copies of licenses 15,775, 15,776 and 15,-777, dated December 27, 1941, issued by the Federal Reserve Bank of San Francisco to George J. Knox, Superintendent of Banks, State of California, then acting as Liquidator of the California Sumitomo group, and authorizing certain transactions by him "in accordance with the laws of said State."

4. Having in mind, of course, the initial duty devolving upon the District Court under § 34(f) of the Act; and see Reissner v. Rogers, 107 U.S.App.D.C. 260, 263, 276 F.2d 506, 509, cert. denied, 364 U.S. 816, 81 S.Ct. 47, 5 L.Ed.2d 47 (1960); and International Silk Guild v. Rogers, 104 U.S.App.D.C. 330, 335, 262 F.2d 219, 224 (1958).